## 1833. SULLIVAN *v.* THE STATE.

Where, on the trial of a person indicted for the offense of carrying a pistol concealed, a witness for the State testified that the defendant had a pistol concealed underneath his overcoat, and witnesses for the defendant testified that at the time referred to by the State's witness he did not have an overcoat, and was carrying the pistol fully exposed to view in a basket, a charge to the jury that "carrying a pistol in a basket or bag upon the arm, and not for transportation alone, is a violation of section 341 of the Criminal Code of Georgia" was not only an incorrect statement of the law, since the jury were not told that the pistol must be concealed, but, in the absence of any evidence that the defendant, in carrying his pistol in a basket, ever concealed it, was not adjusted to nor authorized by the evidence. In the absence of evidence that the pistol, if concealed, was concealed in a basket, such an intimation might tend to disparage and discredit the testimony in behalf of the defendant, offered for the purpose of showing that the pistol upon the occasion in question was carried in a manner different from that contended for by the State.

Accusation of carrying concealed weapon, from city court of Cartersville—Judge Foute. March 24, 1909.

Argued May 7,—Decided July 31, 1909.

*James B. Conyers, Ben J. Conyers,* for plaintiff in error.

*W. H. Milner, solicitor,* contra.

RUSSELL, J. The defendant was convicted of carrying a pistol concealed. The State's witness swore that he walked up to the de-

fendant, spoke to him, and patted him on the back or shoulder, and that thereupon the defendant ran his hand under his overcoat and into his hip-pocket, and pulled out a pistol, previously concealed, and shot him in the arm. This evidence would authorize a verdict of guilty, and the judgment refusing a new trial would be affirmed, but for the view we take of the court's instruction quoted in the headnote, which, in omitting to state that the pistol must at all events be concealed, was incorrect, and tended to depreciate and discredit the testimony offered by the defendant, by presenting a theory of his guilt not sustained by any evidence. The defendant introduced several witnesses. One Pritchard, as to the same occasion referred to by the State's witness, testified that the defendant did not have on an overcoat at all, and that the pistol was carried by the defendant in an open-top arm basket, fully exposed to view. One Towns testified substantially to the same effect. Both of these witnesses testified that as they were walking up the street in company with the defendant, they saw a man peeping from behind a tree on the righthand side of the railroad, and that the man walked across the street toward the defendant and the witnesses. The defendant called out, "Who is that?" Receiving no answer, he repeated the inquiry; but Tumlin (whom they discovered the man to be at this time) walked straight up to him and put his right hand, with an open knife in it, on the left side of the defendant's neck. Thereupon the defendant pulled away from Tumlin and got the pistol out of the basket and fired. Other witnesses testified to the good character of the defendant, and also testified that they frequently saw him going home with his pistol lying in his basket on a newspaper, fully exposed to view, no effort being made to conceal it. The defendant stated that his pistol was in his basket, fully exposed to view, and that he made no effort to use it until Tumlin had stabbed him with a knife and drawn the blood from his neck. So far as supported by the evidence, the court should have charged the jury that if they believed the testimony of the State to the effect that the pistol was carried concealed, they would be authorized to find the defendant guilty, but that on the other hand, if the defendant did not have the pistol concealed, or if the jury entertained a reasonable doubt as to whether it was concealed or not, the defendant would be entitled to a verdict of acquittal. There being no evidence that the pistol, if concealed, was

concealed in a basket, an instruction upon this point was not adjusted to the evidence; and furthermore, since there was no evidence that the pistol was concealed in the basket, it was reversible error for the judge to charge the jury, without qualification, that "carrying a pistol in a basket or bag upon the arm, and not for transportation alone, is a violation of section 341 of the Criminal Code of Georgia." In view of the evidence in the record, this charge was manifestly injurious to the defendant.

*Judgment reversed.*